IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **ADAM BEHRENDT,** on behalf of himself and all others similarly situated, | )<br>)<br>) |
| **Plaintiff,** | )<br>) **Case No.:**<br>) |
| v. | )<br>) |
| **UNITEDLEX CORPORATION,** | ) Removed from the Circuit Court<br>) of Jackson County, Missouri<br>) Case No.: 2316-cv14032 |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant UnitedLex Corporation hereby removes to the United States District Court for the Western District of Missouri the action styled *Adam Behrendt on behalf of himself and all others similarly situated v. UnitedLex Corporation,* Case No. 2316-cv14032, from the Circuit Court of Jackson County, Missouri. Defendant removes this action pursuant to 28 U.S.C. § 1332 under the Class Action Fairness Act of 2005 ("CAFA") because: (1) this action was filed as a class action on behalf of at least 100 putative class members, (2) the amount in controversy exceeds $5,000,000, and (3) there is diversity of citizenship between the named Plaintiff and Defendant. Defendant states the following in support of removal:

STATE COURT ACTION

1. On May 24, 2023, Plaintiff Adam Behrendt commenced this matter by filing a Class-Action Petition in the case styled *Adam Behrendt, on behalf of himself and all others similarly situated v. UnitedLex Corporation,* Case No. 2316-cv14032, in the Circuit Court of Jackson County, Missouri (the "State Court Action").

2. Plaintiff's Petition in the State Court Action purports to assert claims of negligence and breach of implied contract on behalf of Plaintiff and all putative Class members, whom

1

Classified as Public

Plaintiff defines as "[a]ll former and current employees and independent contractors of UnitedLex Corp. whose personally identifiable information ("PII") was exposed" during an alleged data breach. *See* Exhibit A, Petition, ¶ 25. Elsewhere, Plaintiff alleges that Defendant has 3,000 current employees and that the putative Class likely includes "thousands of *former* employees and/or independent contractors." *See* Exhibit A, Petition, ¶ 28 (emphasis in original).

3. This is a civil action over which this Court has original diversity of citizenship jurisdiction under 28 U.S.C. § 1332. As such, Defendant may remove this action under 28 U.S.C. §§ 1441 and 1446.

4. By removing this action, Defendant does not waive any defenses or objections that it may have as it pertains to Plaintiff or to any of the putative Class Members in their individual or Class capacity.

## PAPERS FROM REMOVED ACTION

5. A true and correct copy of the court file from the State Court Action, including any and all process, pleadings, and orders served upon Defendant, is attached hereto as Exhibit A.

## REMOVAL IS TIMELY

6. A Notice of Removal is required to be filed within 30 days that the defendant receives a copy of an initial pleading through service or otherwise. 28 U.S.C. § 1446.

7. Defendant was served with process on June 2, 2023. *See* Exhibit A, Affidavit of Service.

8. This Notice of Removal is being filed on or before July 2, 2023.

Classified as Public

## VENUE REQUIREMENT IS MET

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1446 as the United States District Court for the Western District of Missouri geographically embraces the state court in Jackson County, Missouri, in which Plaintiff filed the Circuit Court Action.

## BASIS FOR REMOVAL

10. This Court has subject matter jurisdiction over the action under CAFA. Original jurisdiction in this Court exists under CAFA if the litigation is a "class action" as defined by CAFA, "the matter in controversy exceeds the sum or value of $5,000,000," and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2), (d)(11)(B)(i), (d)(5)(B).

## DIVERSITY JURISDICTION EXISTS

11. Minimal diversity pursuant to CAFA only requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2), (d)(11)(B)(i).

12. Plaintiff is a citizen and resident of Lee's Summit, Missouri. *See* Exhibit A, Petition, ¶ 2.

13. A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the state containing its principal place of business." *Brody v. Ocwen Loan Servicing, LLC*, No. 15-0740-CV-W-ODS, 2015 WL 9581784, at *1 (W.D. Mo. Dec. 30, 2015) (citing 28 U.S.C. § 1332(c)(1)). Defendant is a corporation organized and existing under the laws of the State of Delaware and maintains its principal office and place of business in the State of Kansas. *See* Exhibit A, Petition, ¶ 3. Defendant is therefore a citizen of the States of Delaware and Kansas.

Classified as Public

14. Accordingly, the parties are minimally diverse for purposes of CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

15. As Defendant is not a citizen of the State of Missouri, and because Plaintiff appears to have alleged a nationwide class of thousands, the "home-state exception" to CAFA does not apply.

### THE PROPOSED CLASS EXCEEDS 100 MEMBERS

16. To qualify for removal pursuant to CAFA, the number of members of all proposed classes in the aggregate must be at least 100. *See* 28 U.S.C. § 1332(d)(5)(B).

17. For purposes of removal, the Court looks to a plaintiff's allegations regarding class size. *See Brown v. Mortg. Elec. Registration Sys., Inc.*, 738 F.3d 926, 932-33 (8th Cir. 2013).

18. Plaintiff purports to bring claims on behalf of himself and "[a]ll former and current employees and independent contractors of UnitedLex Corp. whose personally identifiable information ("PII") was exposed" during an alleged data breach. *See* Exhibit A, Petition, ¶ 25.

19. Plaintiff alleges that the class is so numerous that joinder of all Class members is impracticable. *See* Exhibit A, Petition ¶ 28. Moreover, Plaintiff further alleges that Defendant has 3,000 current employees and that the putative Class likely includes "thousands of *former* employees and/or independent contractors." *See* Exhibit A, Petition, ¶ 28 (emphasis in original).

20. The proposed class thus exceeds 100 members.

### AMOUNT IN CONTROVERSY IS SATISFIED

21. Under CAFA, to determine whether a district court has original jurisdiction "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

Classified as Public

22. In its notice of removal, Defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 983 (8th Cir. 2019); *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Turntine v. Peterson*, 959 F.3f 873, 881 (8th Cir. 2020) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (a removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is "'facially apparent' from the pleading itself" and a court may "employ[ ] its judicial experience or common sense to ascertain whether the relevant jurisdictional fact is present"). The plausible allegation is in no way an admission as to the ultimate class liability exposure or damages range.

23. When, as here, the Petition fails to allege a specific amount in damages sought, the jurisdictional fact is "not whether the damages [sought] *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Pirozzi,* 938 F.3d at 984 (emphasis in original). Once a defendant makes a plausible allegation that the amount in controversy exceeds the threshold, "the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) (quotation omitted).

24. Plaintiff's Petition alleges broad and numerous categories of damages sought on behalf of Plaintiff and the other Class members including expenses for credit monitoring; identity-theft insurance; out-of-pocket expenses; invasion of privacy; lost or delayed tax refunds; wasted time; diminution in the value of their personal information; and emotional distress damages. *See* Exhibit A, Petition ¶¶ 43 and 53.

Classified as Public

25. Plaintiff alleges that the class is so numerous that joinder of all Class members is impracticable. *See* Exhibit A, Petition ¶ 28. Plaintiff further alleges it is likely that the personal information of thousands of former employees and/or independent contractors was compromised during the breach, and that these individuals would be included in the putative class size. *Id*.

26. As a result of the Plaintiff's and the putative Class members' alleged damages, including emotional distress damages, and the potential class size in the thousands, a fact finder could legally conclude that the individual amount in controversy for each putative Class member is in excess of $5,000 and the aggregate amount in controversy exceeds $5,000,000. *See Scherrer v. Foremost Ins. Co. of Grand Rapids Michigan*, No. 4:17-CV-00855-JAR, 2018 WL 1508904, at *3 (E.D. Mo. Mar. 27, 2018) (concluding that the defendant "met the jurisdictional amount based solely on compensatory damages"); *see also Harrington Enterprises, Inc. v. Safety-Kleen Sys., Inc.*, 42 F. Supp. 3d 1197, 1199 (W.D. Mo. 2013) (compensatory damages properly included in calculating CAFA's amount in controversy).

27. For these reasons, the jurisdictional amount in controversy requirement is satisfied. 28 U.S.C. 1332(d).

## REMOVAL IS PROPER

28. Removal is proper, in that: (1) this action is a civil action pending within the jurisdiction of the Circuit Court of Jackson County, Missouri; (2) this action could have been brought in this jurisdiction; and (3) the parties are diverse. 28 U.S.C. §§ 1441 and 1446.

29. The U.S. District Court for the Western District of Missouri is the appropriate court for removing this action. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

Classified as Public

## FILING OF REMOVAL PAPERS

30. Promptly upon filing this Notice of Removal, Defendant will give notice in writing to all parties and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Jackson County, Missouri, as required by 28 U.S.C. § 1446(d).

31. Defendant reserves the right to amend or supplement this Notice of Removal.

## CONCLUSION

WHEREFORE, Defendant UnitedLex Corporation hereby removes the above-captioned action from the Circuit Court of Jackson County, State of Missouri, and requests that further proceedings be conducted in this Court as provided by law.

DATED: June 20, 2023

Respectfully submitted,

/s/ Mitchell E. Wood
Mitchell E. Wood (MO #59663)
Kathryn S. Rickley (MO #59435)
HALBROOK WOOD, PC
3500 West 75th Street, Suite 300
Prairie Village, Kansas 66208
TEL: (913) 529-1188
FAX: (913) 529-1199
E-MAIL: mwood@halbrookwoodlaw.com
E-MAIL: krickley@halbrookwoodlaw.com
ATTORNEYS FOR DEFENDANT UNITEDLEX CORPORATION

Classified as Public

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 20th day of June 2023, the foregoing was electronically filed with the Clerk of the Court via the Court's e-filing system which sends notification to:

Bryce B. Bell
Jenilee V. Zentrich
Bell Law, LLC
2600 Grand Blvd., Suite 580
Kansas City, Missouri 64108
TEL: (816) 886-8206
FAX: (816) 817-8500
E-MAIL: Bryce@BellLawKC.com
E-MAIL: JZ@BellLawKC.com
ATTORNEYS FOR PLAINTIFF

/s/ Mitchell E. Wood_____
ATTORNEY FOR DEFENDANT

Classified as Public